## NOT DESIGNATED FOR PUBLICATION

### STATE OF LOUISIANA

### COURT OF APPEAL

### FIRST CIRCUIT

### 2019 KA 0033R

### STATE OF LOUISIANA

### VERSUS

### JAMES MATTHEW COLE

Judgment Rendered: **FEB 2 4 2021**

\* \* \* \* \* \* \*

On Appeal from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 586690

Honorable Scott Gardner, Judge Presiding

\* \* \* \* \* \* \*

Warren L. Montgomery
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Attorneys for Appellee,
State of Louisiana

Samuel H. Winston
New Orleans, Louisiana
James E. Boren
Baton Rouge, Louisiana

Attorneys for Defendant/Appellant,
James Matthew Cole

\* \* \* \* \* \* \*

**BEFORE: PENZATO, LANIER, AND HESTER, JJ.**

**PENZATO, J.**

The defendant, James Matthew Cole, was convicted of sexual battery (victim under the age of thirteen years) (count 1), a violation of La. R.S. 14:43.1(C)(2); molestation of a juvenile (incidents of molestation recur during a period of more than one year) (count 2), a violation of La. R.S. 14:81.2(C); and second degree rape (count 3), a violation of La. R.S. 14:42.1. For both counts 1 and 2, the verdicts were eleven to one. On count 3, the verdict was unanimous. On count 1, the defendant was sentenced to ninety-nine years imprisonment at hard labor, with twenty-five years of the sentence to be served without benefit of parole, probation, or suspension of sentence. On count 2, the defendant was sentenced to forty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On count 3, the defendant was sentenced to forty years imprisonment at hard labor, with two years of the sentence to be served without benefit of parole, probation, or suspension of sentence. The sentences were ordered to run concurrently. The defendant appealed his convictions and sentences, which were affirmed. Thereafter, the defendant filed an application for writ of certiorari. The Louisiana Supreme Court granted the writ in part and remanded the case to this court. See State v. Cole, 2019-0033 (La. App. 1st Cir. 9/27/19), 288 So.3d 146, writ granted, 2019-01733 (La. 10/6/20), 302 So.3d 524 (per curiam).

In its per curiam opinion, the supreme court stated that the defendant's convictions were not final when Ramos v. Louisiana, 590 U.S. __, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), was decided, and therefore the holding of Ramos applied to any non-unanimous verdicts in these proceedings. The supreme court remanded the matter to this court for further proceedings and to conduct a new error patent review in light of Ramos. Finally, the supreme court noted that the remand order did not pertain to the defendant's conviction for second degree rape, which was by

unanimous verdict. *Cole*, 302 So.3d 524.

In *Ramos*, the United States Supreme Court overruled *Apodaca v. Oregon*,[1] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The *Ramos* Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. *Ramos*, 140 S.Ct. at 1406-08. The defendant herein was convicted by non-unanimous jury verdicts on counts 1 and 2.

Accordingly, the defendant's convictions and sentences on counts 1 and 2 (respectively, sexual battery (victim under the age of thirteen years) and molestation of a juvenile (incidents of molestation recur during a period of more than one year)) are set aside. For these aforementioned counts only, this matter is remanded to the trial court for further proceedings.

**AS TO COUNTS 1 AND 2, CONVICTIONS AND SENTENCES VACATED; REMANDED.**

---

[1] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in *Apodaca*. *Johnson v. Louisiana*, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with *Apodaca*, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts.